UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Allen Wright,

Civil Action No.

                    Plaintiff,

vs.

GRAND TRUNK WESTERN RAILROAD
INC., a Delaware corporation, d/b/a
CANADIAN NATIONAL/ILLINOIS
CENTRAL RAILROAD and CANADIAN
NATIONAL RAILWAY, Delaware corporations,

                    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Randal W. LeNeave
Hunegs, LeNeave & Kvas, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN  55391
Tel: (612) 339-4511
Fax: (612) 339-5150
Fax: (612) 339-5150
Email:  rleneave@hlklaw.com

Brian McKenna
Sachs Waldman, P.C.
2211 East Jefferson, Suite 200
Detroit, MI  48207
Tel:  (313) 965-3464
Fax:  (313) 965-4315
Email:  brianmckenna@sachswaldman.com

COMES NOW the Plaintiff, Allen Wright, and for his claim and cause of action against the Defendant, Grand Trunk Western Railroad, Inc., a Delaware corporation, d/b/a Canadian National/Illinois Central Railroad and Canadian National Railway, a Delaware corporation, states and alleges as follows:

## PRELIMINARY STATEMENT

I.

This is an action brought by Plaintiff against Defendant to recover damages for personal

injuries suffered on or about October 30, 2015, while in the scope and course of his employment, and the lawsuit is brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

## JURISDICTION AND VENUE

### II.

The subject-matter jurisdiction of this Court is proper pursuant to 45 U.S.C. § 56, which allows for the concurrent jurisdiction of federal and state courts when bringing a lawsuit under the FELA.

### III.

This Court has personal jurisdiction over Defendant since it was and is a corporation duly organized and existing under the laws of the State of Michigan, was the owner of, and was operating various tracks and yards in Shiawassee County, State of Michigan, and the incident which is the subject of this lawsuit occurred in Michigan, creating sufficient maximum contacts with the State to permit this Court to exercise jurisdiction over it.

### IV.

Venue of this action in this Court is proper pursuant to 45 U.S.C. § 56, which allows Plaintiff to bring an FELA action in this court where the cause of action arose or where the defendant is doing business.

### V.

This action is timely commenced pursuant to 45 U.S.C. § 56.

## PARTIES

### VI.

That at all times material herein, Plaintiff was a resident of Michigan in the employ of

Defendant Grand Trunk Western Railroad, Inc., a Delaware corporation, d/b/a Canadian National/Illinois Central Railroad and Canadian National Railway, a Delaware corporation, ("Defendant").

### VII.

That at all times material herein, Defendant was and is a corporation duly organized and existing under the laws of the State of Michigan, was the owner of, and was operating various tracks and yards in Shiawassee County, State of Michigan, and was and is engaged as a common carrier in interstate commerce.

### VIII.

That at all times material herein, Plaintiff Allen Wright, was working in the course and scope of his employment as a locomotive engineer for Defendant, and at the time of the occurrence of the incident herein, all or part of Plaintiff's duties were in the furtherance of the Defendant's business of interstate commerce.

### FACTS

### IX.

That on or about October 30, 2015, Plaintiff was in the course and scope of his employment working as an engineer for Defendant on its premises at or near Durand, Michigan. As Plaintiff was operating CN Locomotive 2635 on Train L501, the train suddenly and unexpectedly went into emergency, causing a violent run in of slack action into the locomotive, throwing Plaintiff violently forward, causing him to be injured and damaged as herein set forth.

### COUNT ONE (strict liability)

Plaintiff re-alleges and incorporates paragraphs I through IX of this Complaint as though fully recited herein.

X.

Plaintiff was injured by reason of Defendant's violation of the Federal Safety Appliance Act (FSAA), 49 U.S.C. §§ 20301-20306, in that Defendant hauled or permitted to be hauled or used on its line of railway a railcar equipped with a defective and malfunctioning brake beam and air hose, causing air hoses to come apart, and as a result, Plaintiff was caused to be injured and damaged as hereinafter set forth.

XI.

That as a result of the above described incident, and violations of the FSAA, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of enjoyment of life; and has suffered permanent injury and disability, all to his injury and damage.

**COUNT TWO (negligence)**

Plaintiff re-alleges and incorporates paragraphs I through XI of this Complaint as though fully recited herein.

XII.

That by reason of Defendant's negligence under the FELA, and as consequence of the Defendants breach of duty negligence in:

A.    Failing and neglecting to provide Plaintiff with a reasonably safe place to work;

B.    Failing and neglecting to provide Plaintiff with safe and proper equipment with which to do the assigned work;

C.    Failing and neglecting to properly inspect, maintain, repair and keep its locomotive engines, railcars, brake beams, air hoses, knuckles and equipment in safe condition so that the same could be used with safety by its employees;

D.    Failing and neglecting to adopt, install, implement and enforce safe methods and

procedures for the periodic inspection, maintenance, repair and upkeep of its locomotive engines, railcars, brake beams, air hoses, knuckles and equipment including but not limited to implementing proper and reasonably safe radio procedures and communications;

E.   Failing and neglecting to adopt, install, implement and enforce safe methods and procedures for the inspection, maintenance, repair and upkeep of its cars and equipment;

F.   Negligently and carelessly allowing and permitting unsafe and dangerous conditions on its locomotive engines, railcars and train;

G.   Failing to take the safe course of action to protect employees from injury;

And other acts of negligence, and as a result thereof, Plaintiff was caused to be injured as herein set forth.

XIII.

That as a result, Plaintiff suffered injuries and damages, has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of enjoyment of living, and has suffered permanent injury and disability, all to his injury and damage.

WHEREFORE, Plaintiff Allen Wright prays judgment against the above-named Defendant, Grand Trunk Western Railroad, Inc., a Delaware corporation, d/b/a Canadian National/Illinois Central Railroad and Canadian National Railway, a Delaware corporation, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the losses and damages, together with his costs and disbursements and reasonable attorneys' fees herein.

## **JURY DEMAND**

COMES NOW Plaintiff and demands trial by jury of all issues of the fact in this case.


Dated:  October 23, 2018   SACHS WALDMAN, P.C.


        ***/S/  BRIAN A. MCKENNA***
        Brian A. McKenna (MI I.D. #P46671)
        2211 East Jefferson, Suite 100
        Detroit, MI  48207
        Tel:  (313) 965-3436
        Fax:  (313) 965-4315
        Email:  brianmckenna@sachswaldman.com

        and

        HUNEGS, LeNEAVE & KVAS, P.A.
        Randal W. LeNeave (MN ID #181122)
        1000 Twelve Oaks Center Drive, Suite 101
        Wayzata, MN  55391
        Tel:  (612) 339-4511
        Fax:  (612) 339-5150
        Email:  rleneave@hlklaw.com

        ATTORNEYS FOR PLAINTIFF